## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Antony Martinez** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.** _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **Department of Justice** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the disclosure and release of agency records unlawfully withheld from the Plaintiff, Mr. Antony Martinez, by the Defendant, the United States Department of Justice ("DOJ"). Defendant has failed to produce records responsive to Plaintiff's May 11, 2022 request, and is well outside the statutory timeframe and any permissible extension. Petitioner was detained in the Seneca County Jail in the custody of Immigration and Customs Enforcement ("ICE") until being transferred to Texas; his permanent domicile is in the Northern District of Ohio. Plaintiff's administrative efforts for challenging his removal are materially hindered by Defendants' violation of the FOIA, and Plaintiff asserts that said failure may result in his expulsion from the United States in violation of the Protocol relating to the Status of Refugees (adopted 31 January 1967, entered into force 4 October 1967) 606 UNTS 267, art 2 and the Convention Against Torture.

Plaintiff has filed a petition for review in the U.S. Court of Appeals for the Ninth Circuit. *Martinez v. Garland*, Case No. 22-1072. Under Ninth Circuit rules, he is entitled to, and

received, a *temporary* stay of his removal. Nonetheless, ICE transferred Petitioner to Virginia and then to Texas, where he tested positive for COVID-19 and is currently in isolation with limited ability to access counsel.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1391(e) because Plaintiff is domiciled in this district.

3. Plaintiff seeks injunctive and declaratory relief under 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(E)(iii), 28 U.S.C. §§ 2201–2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

4. Plaintiff has exhausted any and all administrative remedies in connection with these FOIA requests.

## PARTIES

5. Plaintiff Antony Martinez is believed to have been born in Honduras in 2000. He has no birth certificate so it is unclear how old he is. He does not know his birthday. He was abandoned on a garbage heap as an infant. Counsel's most recent address for Plaintiff is at the Port Isabel Detention Center in Texas. Plaintiff is the subject of the records request to which Defendant has failed to respond within the statutory timeframe.

6. Defendant U.S. Department of Justice is a federal agency that adjudicates petitions for relief under various federal immigration laws.

## FOIA STATUTORY FRAMEWORK

7. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

8. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

9. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

10. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

11. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

12. An agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

13. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

14. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

15. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

**FACTS**

16. Plaintiff is allegedly a 22-year-old native and citizen of Honduras. Plaintiff entered the United States in approximately 2017 and was immediately detained. Exh. 1, p. 4. Plaintiff was detained at the ICE detention center at Eloy, Arizona, where he applied for asylum *pro se*. An Immigration Judge (IJ) denied his asylum application on November 1, 2018. An appeal was filed and was dismissed by the Board of Immigration Appeals (BIA or the "Board") on April 24, 2020. Plaintiff was nevertheless released on bond. Sometime thereafter, he relocated to Ohio where he was taken back into ICE custody in approximately October 2021 and transferred to the Seneca County Jail in Tiffin, Ohio. A Petition for Review of Plaintiff's April 24, 2022 removal order was filed with Ninth Circuit on June 20, 2022, Case No. 22-1072, as was a motion to stay that was granted immediately upon filing under Ninth Circuit rules.

17. On May 11, 2022, Plaintiff, through undersigned counsel, submitted a Freedom of Information Act (FOIA) request. Exh. 2. The request was submitted via the Department of Justice's online portal created for that purpose. Undersigned counsel avers that, although it has now been 48 days since the submission of this request, none of the deadlines as set forth in 5 USC §552(a)(6)(A) *et seq.* have been complied with. As a result of the agency's failure to comply with FOIA, Plaintiff is not in possession of the record of his immigration proceedings. The record is necessary for him to pursue relief from removal, and to prevent the U.S. from removing an individual with a meritorious asylum claim in violation of international law.

18. Federal law establishes "FOIA Public Liaisons" who "shall be responsible for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes." 5 U.S.C § 552(l). Undersigned counsel communicated with the FOIA public relations officer by email on June 13, 2022. In response, counsel received an automatically generated email indicating that "there may be significant delays in the processing of [his] request" due to the national emergency concerning COVID-19. Exhs. 4-5. DOJ's Executive Office for Immigration Review (EOIR) has also established a process by which the Record of Proceedings (ROP) in immigration court could be requested by email. Counsel submitted such a request initially on April 28, 2022, and received no response. A follow-up email on June 13, 2022 also went unanswered. Exh. 3.

19. At counsel's request, a psychiatric evaluation was conducted at the Seneca County Jail on May 9, 2022. Exh. 1. The evaluation revealed that Plaintiff was found abandoned on a garbage dump as an infant where he then spent the first ten years of his life. *Id,* 1. He lived in a shack at the dump with cardboard flooring and plastic for roof and walls until the woman who cared for him died. *Id*. At the age of ten he lived on the streets with a group of other children where he learned some limited reading and writing skills. *Id.* He was regularly abused as free labor by police officers, who also raped him at one point and left him for dead in a garbage heap. *Id.*

20. At some point it was suggested by friends that Plaintiff flee to the United States, and he eventually worked his way through Mexico and Guatemala until arriving near the United States border. *Id.* In approximately 2017, Plaintiff was kidnapped by a Mexican cartel and conscripted to train as a cartel soldier during which time he "saw people cut up, raped, and

5

burned." *Id.* During this period, he was tortured by electric shock. He has scars to this day where the electrical burns occurred. *Id*.

21. He was eventually able to escape the cartel and was detained immediately after crossing United States border. *Id, 3.* He was initially detained at a juvenile detention center, where it was allegedly determined based on dental x-rays that he was born in 2000. He was then transferred to adult detention in San Diego where he spent approximately 17 months.

22. Publicly available information obtained through the EOIR's website confirms that Plaintiff was ordered removed from the U.S. by an IJ at Eloy Detention Center on November 1, 2018, and his appeal was dismissed by the BIA on April 24, 2020. However, because of the government's failure to comply with the clear mandates of the FOIA, Plaintiff is not able to access other critical details of his case.

23. After several hours of psychiatric testing, the evaluator determined that Plaintiff meets the criteria for "severe Posttraumatic Stress Disorder (PTSD)." The psychiatrist documented that he has "recurrent involuntary and intrusive distressing memories of the events as well as distressing dreams related to the trauma… [and] is also suffering from depression and anxiety." In her conclusion, the psychiatrist stated that it was probably "one of the cruelest things that one can do to someone suffering from this [PTSD]" to give them "hours of empty time to fill with memories, flashbacks and anxiety." She concluded that his "time in prison is increasing and worsening" his symptoms, and "will make treatment more challenging in the future." *Id.,* 5.

## STATEMENT OF CLAIMS

### COUNT I

**(Failure to Respond to Request Within Statutory Timeframe)**

24. Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth in full.

25. Defendant failed to respond to the Request within the statutorily mandated timeframe, in violation of Plaintiff's rights under the FOIA, including but not limited to 5 U.S.C. §§ 552(a)(6)(A)(i) and (6)(B).

## COUNT II

**(Failure to Respond to Request Within Statutory Timeframe)**

26. Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth in full.

27. Defendant failed to make reasonable efforts to search for records responsive to the Request, in violation of Plaintiff's rights under the FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

28. Defendant failed to disclose and produce any records responsive to this Request, in violation of Plaintiff's rights to those records under the FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A).

29. Defendant failed to disclose and produce records responsive to the Request without a legal basis for withholding such records, in violation of the FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(a) Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

(b) Find that Defendant's failure timely to respond or disclose records was unlawful;

(c) Order Defendant to search for and promptly disclose any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(d) Order Defendant to produce, by date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(e) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(f) Enjoin Defendants from taking any actions to remove Plaintiff from this judicial district until further order of the Court;

(g) Award Plaintiff's attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

(h) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*[signature: Brian J. Hoffman]*
_____
Brian J. Hoffman, Esq.
EOIR ID: MB904597
OCSILiO
P.O. Box 181247
Cleveland Heights, OH 44118
Ph: 330-539-3932
Fax: 330-362-2134
E-mail: brian@ocsilio.org

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 28, 2022, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon Defendants, who are registered CM/ECF users.

/s/ Brian J. Hoffman

_____

Brian J. Hoffman, Esq.